IN THE UNITED STATES COURT OF CLAIMS

FILED
JAN 18 2006
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DOMINIC PAOLELLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-41 C |
| vs. | ) | |
| | ) | Judge |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMPLAINT FOR JUST COMPENSATION AND DAMAGES

**Parties**

1. Plaintiff DOMINIC PAOLELLA is a retired Major from the New Jersey Army National Guard who was twice passed over for promotion to Lieutenant Colonel and thereby required to retire from the service. Plaintiff brings this action on his own behalf for backpay and correction of his military record as he was wrongfully denied a promotion because the Secretary of the Army and the Selection Board utilized unconstitutional promotional criteria, including unconstitutional preferences for minorities and women.

2. Defendant UNITED STATES OF AMERICA is a republic formed pursuant to the Constitution of the United States, and exercising the powers described therein subject to certain limitations, including the Fifth Amendment to the United States Constitution.

**Jurisdiction**

3. This Court has jurisdiction of this case under 28 U.S.C. § 1491 (the Tucker Act) as a "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . ." Plaintiff seeks back-pay under the Military Pay Act, 37 U.S.C. § 204.

**Operative Facts**

4. Plaintiff was appointed to the New Jersey Army National Guard (hereinafter NJARNG) as a second lieutenant effective June 5, 1977.

5. Plaintiff was appointed in the Army Reserve as a second lieutenant effective November 1, 1978, and thereafter obtained the rank of captain effective July 28, 1982.

6. Thereafter, Plaintiff was promoted to Major effective April 11, 1990 with a date of rank of July 27, 1989.

7. Plaintiff was eligible for promotion to Lieutenant Colonel on July 26, 1996.

8. Plaintiff was thereafter twice considered for promotion to Lieutenant Colonel by the 1996 and 1997 Reserve Components Selection Boards, and each board declined to select Plaintiff for promotion. Neither board divulged the reason for the non-selection except to note that it was not for a lack of military education. Upon review by the 1996 and 1997 Reserve Components Selection Boards determined that Plaintiff's records were complete and without material error.

9. As a result of these two non-selections, Plaintiff was involuntarily transferred to the Retired Reserve with an effective date of December 1m 1998.

10. On January 11, 2000, Plaintiff made Application for Correction of Military Record for promotion to rank of Lieutenant Colonel, back pay, and retirement credit.

11. On September 25, 2001, the Army Board for Correction of Military Records denied Plaintiff's application.

12. On March 6, 2003, Plaintiff made Application for Correction of Military Records for consideration by a Special Boards Review Team because of the grounds of Plaintiff's action. This was an additional administrative remedy available to Plaintiff that had to be exhausted.

13. On April 8, 2005, the Department of the Army Special Selection Board declined to accept Plaintiff for promotion and confirmed the non-selection of the regularly convened board.

**First Claim For Relief**

1. Plaintiff was denied promotion because of unconstitutional criteria were utilized by the 1996 selection board.
2. By imposing unlawful gender and racially classified retention goals and selection consideration factors, and unlawful, gender and racially classified remedies for the possible disadvantages of societal discrimination the Secretary of the Army and the Selection Board violated Plaintiff's constitutional right to equal protection guaranteed under the Due Process Clause of the Fifth Amendment of the United States Constitution.
3. These factors created a race and gender-based goal and required the consideration of different factors in evaluating minority and female officers than when evaluating white male officers.
4. Because of these unconstitutional factors, Plaintiff was wrongfully denied promotion by the 1996 selection board, resulting in his involuntary retirement.
5. Plaintiff has suffered damages and is entitled to back pay and retirement credits.

**Second Claim For Relief**

1. Plaintiff was denied promotion because of unconstitutional criteria were utilized by the 1997 selection board.
2. By imposing unlawful gender and racially classified retention goals and selection consideration factors, and unlawful, gender and racially classified remedies for the possible disadvantages of societal discrimination the Secretary of the Army and the Selection Board violated Plaintiff's constitutional right to equal protection guaranteed under the Due Process Clause of the Fifth Amendment of the United States Constitution.
3. These factors created a race and gender-based goal and required the consideration of different factors in evaluating minority and female officers than when evaluating white male officers.
4. Because of these unconstitutional factors, Plaintiff was wrongfully denied promotion by the 1997 selection board, resulting in his involuntary retirement.
5. Plaintiff has suffered damages and is entitled to back pay and retirement credits.

**Prayer For Relief**

WHEREFORE, plaintiffs pray for relief as follows:

1. A money judgment in an amount as yet unascertained, for back pay and retirement credits, according to proof at trial;

2. Promotion to the rank of lieutenant colonel in the Army National Guards and correction of military records;

3. Attorney's fees, expert witness fees, and other costs incurred herein; and,

4. Such other and further relief as this Court may deem just.

Arthur Zapolski, Esq.
812 N. Wood Avenue, Suite 303
Linden, New Jersey 07036
Telephone: (908) 486-8505
Fax: (908) 486-8506

Dated: January 11, 2006

Plaintiff's complaint, as amended, contains four counts. The first and second counts allege that the Secretary's MOI and the SERB's compliance therewith violated 10 U.S.C. § 638 and 638a, and Department of Defense Directive (DoDD) 1332.32 and, thus, were illegal and void. The third count alleges that by denying the relief requested in plaintiff's application for administrative remedy, the ABCMR violated 10 U.S.C. § 1552. The fourth count alleges that the Army's race and gender-based goals and revote procedure violated the Due Process Clause of the Fifth Amendment. Plaintiff prays for monetary and other relief